BERRY v. SMITH & SON, INC.

(May 24, 1926, Opinion, and Decree.)
(June 21, 1926.  Rehearing Refused.)
(Oct. 5, 1926.  Writs of Certiorari and
Review Denied by Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant
—Par. 160 (I); Appeal—Par. 509.**

A judgment of non-suit, acquiesced in by
plaintiff, will not be disturbed, on ap-
peal by defendant, when it appears
that there was no error in the judg-
ment prejudicial to defendant.

Appeal from Civil District Court, Div.
"F".  Hon. Percy Saint, Judge.

Action by Thomas Berry against T.
Smith & Son, Inc.

There was judgment for plaintiff and
defendant appealed.

Judgment affirmed.

A. A. Cologne, Boswell & Bryant, of
New Orleans, attorneys for plaintiff, ap-
pellee.

Terriberry, Rice & Young, of New Or-
leans, attorneys for defendant, appellant.

OPINION.

WESTERFIELD, J.   This is a devolu-
tive appeal, prosecuted by defendant, from
a judgment of non-suit, in a compensation
case.  No appeal was taken by plaintiff
and no answer was filed to defendant's
appeal.

The sole issue before us is defendant's
demand for a definite judgment.

Plaintiff's injury was caused by the fall-
ing of a heavy weight on his right foot
causing a fracture of the fifth metatarsal
bone.  Defendant admitted liability and
paid compensation to plaintiff for a period
of eighteen weeks at the rate of $18.00
per week or from June 14, 1921, to Octo-
ber 21, 1921, and stopped further payments
on the ground that plaintiff was no longer
suffering disability caused by the injury.

Whereupon plaintiff sued for further
compensation claiming that his disability
continued.

The reasons for judgment given by the
trial court are as follows:

"This is a compensation suit.  There
is no dispute as to the injury; the only
dispute is as to the injury extending be-
yond a certain date.

"The evidence of the different physicians
is so conflicting that I am unable to de-
termine that a preponderance of evidence
is with the plaintiff.  I am inclined to
think,—from the expert testimony in the
record,—that the plaintiff is suffering
more from neglected 'flat feet' than from
any injury.  At all events there is not
that preponderance of testimony in favor
of the plaintiff to justify the judgment
asked for.

"There should be judgment as of non-
suit and it is so ordered.

"PERCY SAINT, .
"December 21, 1922.          Judge."

Three doctors, members of a firm of doc-
tors employed by defendant, all of them of
the highest standing in their profession,
testified in substantial agreement that at
the time defendant ceased making pay-
ments of compensation to plaintiff he was
entirely well, so far as any effect of his
injury was concerned, and quite able to
resume his labors as longshoreman; that

the only thing wrong with plaintiff at that time was flat feet, with which malady, if it may be so called, he had been afflicted long before the accident; that flat feet among negroes (plaintiff was a negro) is racial, by which we understand that individuals of the African race are predisposed to this trouble.

Three other physicians, of equally high repute, disagree, on important particulars, with the other three and, while admitting that plaintiff had flat feet before the accident, assert that he was still suffering from the effect of the accident some time after defendant stopped his compensation. But one of plaintiff's doctors, Dr. Hatch, is a specialist in orthopaedic surgery and has been for 22 years. He is the only specialist who testifies in the case. We are compelled to give greater weight to his testimony, other things being equal, when he testifies in relation to his specialty. He says, speaking of plaintiff's condition some eighteen months after the accident:

"Q. * * * Doctor your conclusion from the examination and treatment of Berry is that though he is flat-footed in both feet, yet the right foot is more flat than the other, and that condition is either altogether or partially due to this accident he sustained—to trauma?

"A. Yes, sir, except you don't put it quite as I would. I don't want to say that it is more flat than the other but it is more rigid than the other."

The extent to which the flat feet contributed to the disability whether racial, congenitial or systemic is immaterial, as we have recently held in Womack vs. N. O. Public Service, No. 10,355 Orl. App. The important consideration is whether plaintiff's disability continued beyond the time his compensation, voluntarily paid him by defendant, was stopped. Dr. Ficklin testified that on October 25, 1922, the last time he examined plaintiff, he was temporarily, and totally, disabled for work as a longshoreman. Dr. Lucas corroborates Dr. Ficklin.

It is true that defendant's doctors, all equally able and reputable physicians, declare that plaintiff was able to work, when discharged. But, after all, the only person who knew when plaintiff's disability ceased, was Thomas Berry, the plaintiff himself. He says, most emphatically, and, quite naturally, that he was far from normal, when discharged. His wife agrees with him as might be expected. It is suggested that Berry is shamming or, as it is called, malingering. But it is proven, that, Berry earned an average wage largely in excess of $18.00 per week and we see no reason for him to prefer the smaller sum even though he might be idle and receive it instead of working for the larger amount.

We recognize the force of counsel's argument, to the effect that, after a fair opportunity has been afforded plaintiff to make out his case, there should be a definite judgment for defendant in order that there may be an end to litigation, and defendant spared the expense and annoyance of another trial. In this case however, we are not satisfied that the judgment appealed from is as favorable to plaintiff as might have been rendered under the evidence, and, we are not disposed to convert it into one less so, particularly since it is a compensation case.